IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ZEAVISION LLC. *Plaintiff*, v. BAUSCH & LOMB INCORPORATED & PF CONSUMER HEALTHCARE 1 LLC, *Defendant*. | C.A. No. 4:21-cv-00072 **JURY TRIAL DEMANDED** |

## COMPLAINT

ZeaVision LLC ("ZeaVision") brings this complaint for declaratory judgment against Bausch & Lomb Incorporated ("Bausch & Lomb") and PF Consumer Healthcare 1 LLC ("PF Consumer Healthcare 1") (collectively, "Defendants") as follows.

## THE PARTIES

1. Plaintiff ZeaVision LLC ("ZeaVision") is a limited liability company organized and existing under the laws of Delaware with an address of 716 Crown Industrial Court, Suite i, Chesterfield, MO 63005.

2. On information and belief, Defendant Bausch & Lomb is a corporation organized and existing under the laws of New York, with a principal place of business at 1400 North Goodman Street, Rochester, NY 14609. On information and belief, Bausch & Lomb has regular and established places of business in the St. Louis area, conducts business within the State of Missouri, and has a registered agent in Missouri.

1

3. On information and belief, Defendant PF Consumer Healthcare 1 is a limited liability company organized and existing under the laws of Delaware and having a place of business at 1209 Orange Street, Corporation Trust Center, Wilmington, DE, 19801. On information and belief, PF Consumer Healthcare 1 conducts business within the State of Missouri and has a registered agent in Missouri.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201–2202, 1331, and 1338. The controversy arises under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.* and relates to the non-infringement of U.S. Patent No. 6,660,297 ("the '297 Patent") and U.S. Patent No. 8,603,522 ("the '522 Patent").

5. On information and belief, Defendants are joint owners of the '297 Patent and the '522 Patent. True and correct copy of the '297 Patent and the '522 Patent are attached as Exhibits A and B, respectively.

6. A real, immediate, and justiciable controversy exists between ZeaVision and the Defendants relating to Defendants' allegations that ZeaVision's products infringe claims of the '297 patent and '522 patent. ZeaVision now seeks a declaratory judgment of non-infringement of the '297 patent and '522 patent.

7. A real, immediate, and justiciable controversy also exists between ZeaVision and the Defendants relating to Defendants' allegations of unfair competition due to ZeaVision's marketing of its products. ZeaVision now seeks a declaratory judgment that the marketing of its products is not in violation of any unfair competition laws.

8. On information and belief, this Court has personal jurisdiction over Defendants because Defendants have constitutionally sufficient contacts with this judicial District as to make

personal jurisdiction proper in this Court. Defendants have purposefully availed themselves of the benefits and protections of the laws of this State, including this Judicial District, at least in connection with its conduct in wrongfully asserting patent claims and unfair competition claims against ZeaVision. On information and belief, Defendants conduct business within the State of Missouri and have registered agents in the State of Missouri.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

10. ZeaVision was founded in St. Louis over 20 years ago, based on the research work of Dennis Gierhart, Ph.D., who pioneered the use of a certain naturally occurring carotenoid, zeaxanthin, for use in eye health. ZeaVision's business mission is simple -- to fight vision loss and to preserve healthy vision. To accomplish its mission, ZeaVision markets an array of eye-health products and related technology.

11. On June 30, 2020, Defendants filed 11 different patent infringement lawsuits in the Western District of New York based on the '297 Patent and the '522 Patent against 11 different companies that market eye-health vitamins. Defendant Bausch & Lomb and Defendant PF Consumer Healthcare 1 LLC (affiliated with Pfizer) are both large, multinational entities with substantial resources, whereas the 11 defendants in these lawsuits are much smaller entities. ZeaVision was one of the entities that was sued.

12. In their lawsuit against ZeaVision (C.A. No. 20-CV-6452), Defendants alleged that at least ZeaVision's AREDS2 Plus Multi-Vitamin product was infringing the '297 Patent and the '522 Patent. Considering that ZeaVision first introduced this product to the market in October 2013 (seven years before the Defendants commenced this lawsuit) and Defendants had never

previously contacted ZeaVision about any patent-related issues, the lawsuit caught ZeaVision by surprise.

13.     ZeaVision was also surprised by the fundamental premise of the lawsuit.  All of the claims of the '297 Patent and the '522 Patent require at least 60 mg of Zinc.  Yet ZeaVision's EyePromise® AREDS 2 product only contains 40 mg of Zinc – far below the 60 mg lower limit for Zinc that is required by the claims of the '297 Patent and the '522 Patent.

14.     ZeaVision was further surprised by the fact that the Defendants chose to file suit against ZeaVision in New York.  In 2017, the United States Supreme Court clarified the patent venue statute (28 U.S.C. §1400(b)) in the well-known decision of *TC Heartland LLC v. Kraft Foods Group Brands LLC*, 137 S.Ct. 1514 (2017), which has had a profound effect on patent litigation in the United States.  In essence, to meet the patent venue statue (28 U.S.C. §1400(b)), a patent owner may file an infringement lawsuit only in a jurisdiction in which the defendant resides (*i.e.*, a jurisdiction in which the defendant is incorporated or has a physical place of business).  Despite ZeaVision not being incorporated in New York and not having a physical place of business in New York, the Defendants somehow pled in their Complaint that venue in the Western District of New York was proper.

15.     When ZeaVision inquired as to the basis for venue in August 2020, the Defendants indicated that they thought that ZeaVision might be willing to "waive" venue objections, implicitly admitting that they had no facts to support venue being proper in the Western District of New York.

16.     On information and belief, several of the smaller defendants that were targeted by the Defendants' June 2020 patent litigation campaign in the Western District of New York pointed

out the same venue problem to Defendants.  At least two of those defendants have filed Motions to Dismiss for lack of venue in the Western District of New York.

17. From the middle of August 2020 until the middle of January 2021, ZeaVision and the Defendants have had numerous communications to amicably resolve their differences.  Since the Complaint was officially served on ZeaVision on September 10, 2020, the parties have filed five stipulated extensions to extend ZeaVision's deadline for responding to Defendants' Complaint in the Western District of New York.

18. ZeaVision's discussions with the Defendants to amicably resolve the patent issues have been nothing short of torturous for ZeaVision.  Each time ZeaVision believes there is some hope for resolution, Defendants delay any response and then raise new legal issues or claims that have nothing to do with the '297 Patent or the '522 Patent.

19. For example, Defendants have attempted to force ZeaVision to change the manner in which it refers to the AREDS study (Age-Related Eye Disease Studies) and AREDS2 study (the second part of the Age-Related Eye Disease Studies) that were sponsored by the National Eye Institute.  Yet the Defendants do not own any trademark rights for the terms "AREDS" or "AREDS2."  In fact, any trademark rights to the AREDS and AREDS2 terms (to the extent such rights exist) would be owned by the National Eye Institute or the United States Department of Health and Human Services – not the Defendants.

20. Defendants have chosen to use their vast resources to engage in an improper patent enforcement campaign against a group of much smaller entities in their own "backyard" in the Western District of New York, without regard to the patent venue statute.  Defendants' specific decision to sue ZeaVision in the Western District of New York on the basis that ZeaVision might "waive" the venue requirement was unfounded and unreasonable.  The only reason that

Defendants filed suit against ZeaVision in the Western District of New York was to improperly gain a tactical advantage over ZeaVision in order to improve Defendants' posture in negotiations.

21. ZeaVision has now responded to Defendants' Complaint in the Western District of New York by filing a Motion to Dismiss for improper venue, which will surely be granted. ZeaVision is now concerned that the Defendants will continue to cast a cloud over ZeaVision's business, perhaps by ongoing threats of lawsuits or perhaps by adhering to their propensity to file patent infringement suits in jurisdictions in which venue is clearly improper.  As such, there is an actual controversy between the parties and a declaratory judgment would settle the legal relations in dispute and afford ZeaVision relief from uncertainty and insecurity.

22. Consequently, by virtue of Defendants' conduct and actions, ZeaVision reasonably believes that Defendants will threaten suit or sue ZeaVision for infringement of the '297 Patent and the '522 Patent.

23. Further, by virtue of Defendants' conduct and actions, ZeaVision reasonably believes that Defendants will threaten suit or sue ZeaVision for causes of the action under Lanham Act, Missouri unfair competition law, or New York unfair competition law.

24. ZeaVision denies that it infringes any claim of the '297 Patent.

25. ZeaVision denies that it infringes any claim of the '522 Patent.

26. ZeaVision denies that the claims and labeling of its products violate the Lanham Act, Missouri Unfair Competition Law, or New York Unfair Competition Law.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Relief as to the '297 Patent)**

27. ZeaVision incorporates by reference paragraphs 1 through 26 above as though fully set forth herein.

28.     An actual and justiciable controversy exists between ZeaVision and the Defendants concerning whether ZeaVision infringes any claim of the '297 Patent. ZeaVison now seeks a declaratory judgment that it does not infringe any claim of the '297 Patent.

29.     ZeaVision is not directly infringing, contributorily infringing, or actively inducing others to infringe any claim of the '297 Patent as properly construed.

30.     ZeaVision is entitled to a judicial determination and declaration of the respective rights and duties of the parties herein. Such determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

31.     Accordingly, ZeaVision seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202 that ZeaVision's products do not infringe any claim, either literally or under the doctrine of equivalents, of the '297 Patent.

## SECOND CLAIM FOR RELIEF
### (Declaratory Relief as to the '522 Patent)

32.     ZeaVision incorporates by reference paragraphs 1 through 31 above as though fully set forth herein.

33.     An actual and justiciable controversy exists between ZeaVision and the Defendants concerning whether ZeaVision infringes any claim of the '522 Patent. ZeaVison now seeks a declaratory judgment that it does not infringe any claim of the '522 Patent.

34.     ZeaVision is not directly infringing, contributorily infringing, or actively inducing others to infringe any claim of the '522 Patent as properly construed.

35.     ZeaVision is entitled to a judicial determination and declaration of the respective rights and duties of the parties herein. Such determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

36. Accordingly, ZeaVision seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202 that ZeaVision's products do not infringe any claim, either literally or under the doctrine of equivalents, of the '522 Patent

### THIRD CLAIM FOR RELIEF
### (Declaratory Relief as to the Lanham Act, Missouri Unfair Competition Laws, and New York Unfair Competition Laws)

37. ZeaVision incorporates by reference paragraphs 1 through 36 above as though fully set forth herein.

38. An actual and justiciable controversy exists between ZeaVision and the Defendants concerning whether the claims or labeling related to ZeaVision's products is in violation of the Lanham Act (41 U.S.C. §1125), Missouri Unfair Competition Law, and New York Unfair Competition Law.  ZeaVison now seeks a declaratory judgment that it is not in violation of these laws.

39. ZeaVision's claims and labeling of its products are not in violation of the Lanham Act (41 U.S.C. §1125), Missouri Unfair Competition Law, and New York Unfair Competition Law.

40. Defendants are not owners of any common law trademark rights or Federal trademark rights for the terms "AREDS" or "AREDS2."

41. Defendants have no legal basis to enforce any common law trademark rights or Federal trademark rights for the terms "AREDS" or "AREDS2."

42. ZeaVision is entitled to a judicial determination and declaration of the respective rights and duties of the parties herein. Such determination and declaration is necessary and appropriate at this time in order that the parties may ascertain their respective rights and duties.

43. Accordingly, ZeaVision seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202 that the labeling and claims of ZeaVision's products are not in violation of the Lanham Act (41 U.S.C. §1125), Missouri Unfair Competition Law, or New York Unfair Competition Law.

**PRAYER FOR RELIEF**

WHEREFORE, ZeaVision prays for the following relief:

A. A judgment for ZeaVision against the Defendants;

B. An order declaring that ZeaVision's products do not infringe, and have not infringed, the '297 Patent either literally or under the doctrine of equivalents;

C. An order declaring that ZeaVision's products do not infringe, and have not infringed, the '522 Patent either literally or under the doctrine of equivalents;

D. An order declaring that ZeaVision's claims and labeling for its products are not in violation of the Lanham Act (41 U.S.C. §1125), Missouri Unfair Competition Law, or New York Unfair Competition Law;

E. An order declaring that Defendants are not owners of any common law trademark rights or Federal trademark rights for the terms "AREDS" or "AREDS2;

F. An order declaring that Defendants have no legal basis to enforce any trademark rights related to the terms "AREDS" or "AREDS2;

G. A judgment that this is an exceptional case and an award to ZeaVision of its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285;

H. An award of costs, and expenses as allowed by law;

I. A judgment in ZeaVision's favor and against the Defendants for monetary damages, including, but not limited to, all amounts necessary to compensate ZeaVision for the Defendant's wrongful activities including reasonable attorneys' fees and costs;

J. An order granting such other and further relief as may be deemed just and appropriate.

## **DEMAND FOR JURY TRIAL**

ZeaVision demands a trial by jury on all issues for which a jury trial is proper.

DATED:  January 19, 2021                                   Respectfully submitted,


By:  /s/ Jill R. Rembusch
Jill Rembusch  46251MO
Hein Schneider & Bond P.C.
2244 S. Brentwood Blvd.
St. Louis, MO 63144
Email: jrr@hsbattorneys.com
(314)-863-9100

Daniel J. Burnham (*pro hac vice to be filed*)
dburnham@nixonpeabody.com
NIXON PEABODY LLP
70 West Madison Street, Suite 3500
Chicago, IL 60606
(312)-425-3900

Richard A. McGuirk (*pro hac vice to be filed*)
rmcguirk@nixonpeabody.com
Zachary C. Osinski (*pro hac vice to be filed*)
zosinski@nixonpeabody.com
NIXON PEABODY LLP
1300 Clinton Square,
Rochester, NY 14604
(585) 263-1000

*Attorneys for Plaintiff ZeaVision LLC.*