UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ZEAVISION LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:21-CV-00072 JAR |
| | ) |
| BAUSCH & LOMB INCORPORATED and | ) |
| PF CONSUMER HEALTHCARE 1 LLC, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Plaintiff ZeaVision LLC ("ZeaVision") brings this action for declaratory judgment against Bausch & Lomb Incorporated ("Bausch & Lomb") and PF Consumer Healthcare 1 LLC ("PF Consumer Healthcare") (collectively, "Defendants") seeking declarations that its products, including its EyePromise® AREDS 2 Plus Multi-Vitamin, do not infringe Defendants' patents, U.S. Patent No. 6,660,297 ("the '297 Patent") and U.S. Patent No. 8,603,522 ("the '522 Patent"); and that the labeling and marketing of its products do not violate the Lanham Act, 15 U.S.C. § 1125, and/or state unfair competition laws. This matter is before the Court on Defendants' Motion to Dismiss or, in the Alternative, to Stay or Transfer. (Doc. No. 37). The motion is fully briefed and ready for disposition.

**Background**

ZeaVision is a Delaware incorporated LLC headquartered in Chesterfield, Missouri. (First Amended Complaint ("FAC"), Doc. No. 34 at ¶ 1). ZeaVision's business consists of marketing eye-health products and related technology. (Id. at ¶ 12). Bausch & Lomb is a New

1

York corporation with its principal place of business and headquarters in Rochester (id. at ¶ 2); PF Consumer Healthcare is a corporation headquartered and incorporated in Delaware, where it has a place of business (id. at ¶ 3). Defendants are joint owners of the '297 patent and the '522 patent. (Id. at ¶ 5). Both patents are for nutritional supplements that purport to treat macular degeneration.

On June 30, 2020, Defendants filed eleven patent infringement lawsuits in the Western District of New York alleging infringement of the '297 patent and the '522 patent. (Id. at ¶ 13). ZeaVision was one of the entities sued. See Baush & Lomb Incorporated, et al. v. ZeaVision LLC, Case No. 6:20CV6452 (W.D.N.Y. Jun. 30, 2020) (the "New York action"). On January 19, 2021, ZeaVision moved to dismiss the New York action for improper venue or, in the alternative, to transfer the case to the Eastern District of Missouri, the same day it filed its initial complaint for declaratory judgment in the instant case. In response, Defendants (plaintiffs in the New York action) requested the case be transferred to Delaware, where venue is proper as to ZeaVision and where another case involving the patents at issue is currently pending between Defendants and another party. The matter is fully briefed and remains pending.

Defendants move to dismiss ZeaVision's first amended complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure or under the first-to-file rule based on the earlier-filed New York action. Defendants argue that ZeaVision's lawsuit is an improper attempt to preempt the New York action and deprive them of their choice of forum. Alternatively, Defendants request this case be stayed pending resolution of the motions to dismiss or transfer in the New York action.

**Legal standard**

Because an action for declaratory judgment of non-infringement is "intimately involved with the substance of the patent laws," Federal Circuit law governs the resolution of this jurisdictional dispute. See Breckenridge Pharm., Inc. v. Metabolite Labs., Inc., 444 F.3d 1356, 1361 (Fed. Cir. 2006); Avocent Huntsville Corp. v. Aten Int'l Co., Ltd., 552 F.3d 1324, 1328 (Fed. Cir. 2008); Inamed Corp. v. Kuzmak, 249 F.3d 1356, 1359 (Fed. Cir. 2001); Akro Corp. v. Luker, 45 F.3d 1541, 1543 (Fed. Cir. 1995).

To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff need only make a prima facie showing of personal jurisdiction. Silent Drive, Inc v. Strong Indus., Inc., 326 F.3d 1194, 1201 (Fed. Cir. 2003). To evaluate the prima facie showing, the court must look at the facts in the light most favorable to the plaintiff. Id.

Whether a district court has personal jurisdiction over the defendants in a patent infringement case generally involves two inquiries. The first inquiry is whether jurisdiction exists under the state long-arm statute. See id. at 1200. If jurisdiction is proper, then the second inquiry is whether the exercise of jurisdiction is consistent with the limitations of the due process clause. Id. at 1201. "Sometimes these two inquiries coalesce into one because the reach of the state long-arm statute is the same as the limits of the due process clause, so that the state limitation collapses into the due process requirement." Trintec Industries, Inc. v. Pedre Promotional Products, Inc., 395 F.3d 1275, 1279 (Fed. Cir. 2005). "Because Missouri's long-arm statute permits the assertion of jurisdiction over an out of state defendant to the extent permitted by the Due Process Clause, the sole inquiry is whether exercising personal jurisdiction over defendant is within the embrace of federal due process standards." Golden Trade, S.R.L. v. EV.

R, Inc., No. 4:06CV1033 HEA, 2007 WL 1125699, at *2 (E.D. Mo. Apr. 16, 2007) (citing 3D Sys., Inc. v. Aarotech Lab'ys, Inc., 160 F.3d 1373, 1377 (Fed. Cir. 1998)).

Due process requires "minimum contacts" between a non-resident defendant and the forum state so "that maintenance of the suit does not offend traditional notions of fair play and substantial justice." Golden Trade, 2007 WL 1125699, at *2 (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)); see also Wells Dairy, Inc. v. Food Movers Int'l, Inc., 607 F.3d 515, 518 (8th Cir. 2010). Minimum contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980). There are two categories of minimum contacts with a state that may subject a defendant to jurisdiction in that forum, i.e., general and specific. Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 593 (8th Cir. 2011); Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1073 (8th Cir. 2004).

General jurisdiction arises when a defendant has "continuous and systematic contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." Inamed Corp., 249 F.3d at 1360. However, a corporation that simply operates in many places cannot be deemed at home in all those places for purposes of general jurisdiction. Daimler AG v. Baumann, 571 U.S. 117, 139 (2014). Specific jurisdiction, on the other hand, requires the litigation to "arise out of" or "relate to" the defendant's activities with the forum state. Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco Cty., 137 S. Ct. 1773, 1780 (2017) (citing Daimler, 571 U.S. at 127).

4

**Discussion**

ZeaVision does not contend that Defendants are subject to general personal jurisdiction.[1] Instead, ZeaVision alleges this Court has specific personal jurisdiction over Defendants for Claims I (Declaratory Relief as to the '297 Patent), II (Declaratory Relief as to the '522 Patent), and IV (Declaratory Judgment of Patent Unenforceability Due to Patent Misuse) because Defendants have "purposefully directed patent infringement and enforcement activities at ZeaVision, a Missouri resident, so as to make this Court's exercise of personal jurisdiction fair and reasonable." (FAC at ¶ 9). ZeaVision further alleges the Court has specific personal jurisdiction over Defendants for Claim III (Declaratory Relief as to the Lanham Act, Missouri deceptive trade practices law, and New York deceptive trade practices law) because the claim "arises from and relates to Defendants' activities that are purposefully directed at ZeaVision's Missouri operations." (Id. at ¶ 10). In support of dismissal, Defendants assert they are not subject to specific personal jurisdiction because they do not have sufficient contacts with Missouri that relate in some material way to the enforcement of the patents at issue.

The Federal Circuit has outlined a three-part test for determining if specific jurisdiction exists: (1) whether the defendant "purposefully directed" its activities at the residents of the forum; (2) whether the claim "arises out of or relates to" those activities; and (3) whether assertion of personal jurisdiction is "reasonable and fair." Breckenridge, 444 F.3d at 1363. Where, as here, a patentee is sued for a declaratory judgment on non-infringement, the only activities that can give rise to specific jurisdiction over the patentee are those related to the

---

[1] The Court notes, however, that ZeaVision has alleged upon information and belief that Defendants conduct business in Missouri and have registered agents in the state. (FAC at ¶¶ 2, 3, 9, 10). ZeaVision further alleges upon information and belief that Bausch & Lomb owns property within the state of

5

enforcement or defense of the validity of the patent. Radio Sys. Corp. v. Accession, Inc., 638 F.3d 785, 789 (Fed. Cir. 2011). Examples of such activities include initiating judicial or extra-judicial patent enforcement *within the forum,* or entering into an exclusive license agreement or other undertaking which imposes enforcement obligations with a party residing or regularly doing business *in the forum.*" Avocent, 552 F.3d at 1334 (emphasis added). See also Autogenomics, Inc. v. Oxford Gene Tech. Ltd., 566 F.3d 1012, 1020 (Fed. Cir. 2009). No such activities are present here.

The only efforts Defendants have made to enforce their rights in the patents at issue is the filing of patent infringement actions in the Western District of New York. The Federal Circuit has "made clear" that "enforcement activities taking place outside the forum state do not give rise to personal jurisdiction in the forum." Radio Sys. Corp., 638 F.3d at 792; see also Avocent, 552 F.3d at 1339. Based on this precedent, a number of district courts, including this one, have rejected personal jurisdiction "premised solely on prior judicial actions in other states even when brought against a forum resident." Adobe Sys. Inc. v. Tejas Research, LLC, No. C-14-0868 EMC, 2014 WL 4651654, at *4 (N.D. Cal. Sept. 17, 2014) (finding enforcement activities pursued outside of the forum state failed to show the defendant had "purposefully availed itself of conducting activities within the forum state, thus invoking the benefits and protections of its laws," as is required for the exercise of personal jurisdiction); see also RxHeat, LLC v. Thermapure, Inc., No. 4:10-CV-2402 JCH, 2011 WL 998158, at *3 (E.D. Mo. Mar. 17, 2011) (no personal jurisdiction over defendant in Missouri despite defendant previously filing litigation to enforce the relevant patents against plaintiffs (Missouri residents) and others because prior

---

Missouri and has corporate branches in the state. (Id. at ¶¶ 2, 9).

litigation filed in Illinois); Juniper Networks, Inc. v. SSL Servs., LLC, No. C08-5758 SBA, 2009 WL 3837266, at *3-4 (N.D. Cal. Nov. 16, 2009) (rejecting "novel argument that the act of filing a [patent infringement] lawsuit against an alleged California resident – in a Texas district court – is sufficient to make a prima facie showing that [the defendant] has purposefully availed itself of the privilege of conducting activities within [California]"), aff'd, 2010 WL 5140471 (Fed. Cir. Dec. 13, 2010).

Relying on Calder v. Jones, 465 U.S. 783 (1984), ZeaVision argues that personal jurisdiction over a defendant is proper when the defendant's intentional conduct, even in another state, is calculated to cause injury to the plaintiff in the forum state. ZeaVision contends that Defendants' intentional conduct and improper use of "baseless" and "anti-competitive patent litigation" in the New York action is calculated to cause injury to ZeaVision in Missouri, and thus, this Court has personal jurisdiction over Defendants. ZeaVision's reliance on Calder is misplaced.

The crux of the Calder "effects" test is whether the effects of the defendant's tortious conduct connect him/her to the forum and "not just the plaintiff." NexGen HBM, Inc. v. ListReports, Inc., No. 16-CV-3143 (SRN/FLN), 2017 WL 4040808, at *9 (D. Minn. Sept. 12, 2017). The mere fact that a plaintiff resides in the relevant forum and thus experiences the injury of a tort there is not enough to satisfy the Calder effects test. Id. The Eighth Circuit construes the Calder effects test narrowly, holding that "absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction." Id. (quoting Johnson v. Arden, 614 F.3d 785, 794 (8th Cir. 2010)). Thus, a plaintiff must show that "the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the

7

brunt of which was suffered – and which the defendant knew was likely to be suffered – [in the forum state].” Id. (quoting Johnson, 614 F.3d at 796) (citation omitted, alterations in original).

In Walden v. Fiore, 571 U.S. 277 (2014), the Supreme Court explained that "Calder made clear that mere injury to a forum resident is not a sufficient connection to the forum. Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." Id. at 289-90.

In Walden, the Court considered whether a federal court in Nevada had jurisdiction over a Georgia law enforcement agent who allegedly filed a false affidavit in Georgia against two Nevada residents knowing it would affect them in Nevada. The Court held the agent's actions in Georgia did not create sufficient contacts with Nevada simply because he allegedly directed his conduct at plaintiffs whom he knew had Nevada connections. "Such reasoning improperly attributes a plaintiff's forum connections to the defendant and makes those connections 'decisive' in the jurisdictional analysis." Id. at 289. It also "obscures the reality that none of [the agent's] challenged conduct had anything to do with Nevada itself." Id.

Here, the patent enforcement activity involving Defendants took place in New York, not Missouri. ZeaVision does not allege that Defendants have attempted to enforce their patents in any Missouri court. Defendants' New York action against ZeaVision does not qualify as the type of "other activities" within the meaning of Avocent. See Juniper Networks, 2009 WL 3837266, at *3-4. Indeed, this theory of personal jurisdiction, namely that "a defendant would automatically be subject to personal jurisdiction in a forum where it previously sued an entity

8

that happened to conduct business in that particular state, even where the lawsuit was filed in an entirely different state," was rejected by this Court in RxHeat, 2011 WL 998158, at *3. In that case, declaratory judgment plaintiffs asserted that personal jurisdiction existed over a defendant because it had directed enforcement activities at Missouri by suing RxHeat (a Missouri company) for patent infringement in the Northern District of Illinois. Id. at *2. This Court held that because the Illinois action was not pursued in a Missouri court, it could not subject the defendant there to specific jurisdiction in Missouri. Id. at *3.

ZeaVision argues RxHeat is distinguishable because it did not involve allegations of patent misuse or seek a declaration of no violation of the Lanham Act. This argument is unavailing because ZeaVision still has not alleged any activities directed at the state of Missouri and related to the causes of action that could confer specific personal jurisdiction over Defendants. ZeaVision's conclusory allegations of "baseless" and "anti-competitive patent litigation" in the New York action are insufficient to establish personal jurisdiction in Missouri.

In summary, Defendants' act of filing a lawsuit in a New York district court against a Missouri resident does not establish a prima facie case of specific personal jurisdiction under the framework established by Breckenridge and Avocent. ZeaVision cannot establish that Defendants purposefully directed their activities at residents of the forum in the manner required in an action for declaratory judgment of patent non-infringement. RxHeat, 2011 WL 998158, at *5. Therefore, ZeaVision cannot establish a prima facie case of specific personal jurisdiction over Defendants.

**First-filed rule**

Defendants further argue that ZeaVision's case should be dismissed in favor of the New York action under the first-filed rule, noting that the New York action was filed almost seven months before this case; the two cases involve the same parties, patents, products, and legal and factual issues and thus substantially overlap; and no exception to the first-filed rule applies.

Federal Circuit law governs the first-to-file inquiry in patent cases. See Nexon America Inc. v. Uniloc, 2017 LLC, No. 19-1096, 2020 WL 3035647, at *2 (D. Del. Jun. 5, 2020). In the Federal Circuit, the general rule is that "[w]hen two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." Futurewei Techs., Inc. v, Acacia Research Corp., No. 12-CV-0511, 2012 WL 12905300, at *4 (C.D Cal. Oct. 22, 2012), aff'd, 737 F.3d 704 (Fed. Cir. 2013).

Similarly, in the Eighth Circuit, a first-filed case is favored over a second-filed action where the parties are substantially similar, and the subject matter and issues are substantially similar, if not identical. See, e.g., Orthmann v. Apple River Campground, Inc., 765 F.2d 119, 121 (8th Cir. 1985) ("[W]here two courts have concurrent jurisdiction, the first court in which jurisdiction attaches has priority to consider the case."). The rule promotes judicial economy – it is more efficient and sensible to allow a single court to resolve the issues in the case – and avoids conflicting rulings. Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1006 (8th Cir. 1993). While not intended to be "rigid, mechanical, or inflexible," Orthmann, 765 F.2d at 121, the rule generally applies unless there are compelling circumstances that justify permitting

10

the second-filed case to proceed, Monsanto Tech. LLC v. Syngenta Crop Prot., Inc., 212 F. Supp. 2d 1101, 1103 (E.D. Mo. 2002). Examples of such compelling circumstances include when the first-filed action is a declaratory judgment action designed to thwart a remedy-seeking plaintiff's choice of forum, or when the second-filed suit has progressed significantly further than the first-filed suit. Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC, No. 17-3149-CV-S-BP, 2017 WL 9717215, at *2 (W.D. Mo. July 6, 2017) (citing Orthmann, 765 F.2d at 121).

ZeaVision argues the first-filed rule should not be applied in this case because venue is improper in the Western District of New York. ZeaVision relies on Nexon, 2020 WL 3035647, in which the second-filed court declined to apply the first-to-file rule after determining that the first-filed court lacked jurisdiction over a necessary or desirable party.

The Eighth Circuit has not held that a court can apply the first-filed rule only after it is established that jurisdiction/venue in the first-filed case is proper. See Advanced Physical Therapy, LLC v. Apex Physical Therapy, LLC, No. 17-3149-CV-S-BP, 2017 WL 9717215, at *2 (W.D. Mo. July 6, 2017). "While the likelihood of a jurisdictional dispute in the first-filed court may be a factor to consider in applying the rule, resolving the dispute in favor of that court's jurisdiction is never a condition precedent to applying it." Id. (quotation omitted). Further, the first-filed rule has generally been interpreted to dictate not only which forum is appropriate, but also which forum should *decide* which forum is appropriate. EMC Corp. v. Parallel Iron, LLC, 914 F. Supp. 2d 125, 129 (D. Mass. 2012) (emphasis in original). Courts in nearly every circuit have held that the court in which the second action was filed should defer to courts in the first-filed action. See id. (citing, *inter alia*, Hospah Coal Co. v. Chaco Energy Co., 673 F.2d 1161,

11

1163 (10th Cir. 1982) (holding that, as between two courts presented with duplicative litigation, the court in which the action was first filed "should be allowed to first decide issues of venue").

The Court believes the prudent course is to allow the Western District of New York to resolve the issue of venue as to ZeaVision because the case was filed first there and because motions addressing the issue are already pending. In any event, this Court lacks personal jurisdiction over Defendants. ZeaVision has not adequately raised the issue of general jurisdiction over Defendants in Missouri with its allegations based upon information and belief that Defendants conduct business in Missouri and have registered agents in Missouri. Likewise, ZeaVision's allegation that Defendants' act of filing a patent infringement action in a New York district court against ZeaVision, an LLC headquartered in Missouri, is insufficient to support specific jurisdiction over Defendants in Missouri, as discussed above.

ZeaVision requests an opportunity to conduct some limited jurisdictional discovery on Defendants' contacts with Missouri. The decision whether to grant jurisdictional discovery is a matter of the court's discretion. Lakin v. Prudential Securities, Inc., 348 F.3d 704, 713 (8th Cir. 2003). Where, as here, a plaintiff has failed to make a prima facie case of jurisdiction, a court is within its discretion in denying jurisdictional discovery. Viasystems, Inc. v. EBM-Papst St. Georgen GMBH & Co., KG, 646 F.3d 589, 598 (8th Cir. 2011) ("[w]hen a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery.") (alteration in original; internal quotation marks and citation omitted). The Court will therefore deny jurisdictional discovery, grant Defendants' motion to dismiss, deny the alternative motion to stay or transfer as moot, and dismiss ZeaVision's complaint without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [37] is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Alternative Motion to Stay or Transfer is **DENIED as moot.**

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 14th day of December, 2021.

                                          */s/ John A. Ross*
                                      **JOHN A. ROSS**
                                      **UNITED STATES DISTRICT JUDGE**